JUDGE BATTS

08 CV 4999

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL MOTORS CORPORATION and ADAM OPEL GmbH; | INDEX NO. |
| Plaintiffs, | |
| -against- | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| FIAT S.p.A; FIAT AUTO HOLDING B.V.; and FIAT AUTO S.p.A., | |
| Defendants. | |



RECEIVED
MAY 30 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## INTRODUCTION

1.      Plaintiffs General Motors Corporation and Adam Opel GmbH (collectively "General Motors") and Defendants Fiat S.p.A., Fiat Auto Holding B.V. and Fiat Auto S.p.A. (collectively, "Fiat") are parties to a Joint Ventures Separation Master Agreement dated as of May 13, 2005 (the "Master Separation Agreement") and various ancillary agreements.

2.      A dispute has arisen under the Master Separation Agreement relating to Fiat's obligation to pay common investment expenses upon the early termination of certain purchases from General Motors (the "Common Investment Dispute"). General Motors seeks declaratory and injunctive relief to require Fiat to comply with the dispute resolution provisions of the Master Separation Agreement, which provide for resolution of disputes through binding mediation.

3.      Section 9.11 of the Master Separation Agreement requires that disputes under that agreement be resolved in accordance with the procedures in Article 16 of the Agreement to Liquidate Joint Ventures and Terminate Master Agreement entered into by General Motors and Fiat as of February 13, 2005 (the "Termination Agreement"). Under those procedures, senior executives from General Motors and Fiat are required to meet in person or telephonically within 15 days of delivery of a written Request for Informal Dispute Resolution to attempt in good faith to resolve the dispute. If they are unable to resolve the dispute within this 15-day period, either party may send a Request for Binding Dispute Resolution, in which case the parties shall jointly select a Mediator to facilitate resolution of the dispute in accordance with procedures set forth in Article 16.

4.      For several months, the parties' business representatives tried to resolve the Common Investment Dispute. After these attempts failed, on January 31, 2008 General Motors sent Fiat an invoice for payment of common investment expenses. Fiat refused to pay.

5.      On April 18, 2008, General Motors sent to Fiat a written Request for Informal Dispute Resolution pursuant to Section 9.11 of the Master Separation Agreement and Article 16 of the Termination Agreement with respect to the Common Investment Dispute. On April 24, 2008, Fiat responded and stated its view that these dispute resolution provisions do not apply to the Common Investment Dispute. On April 29, 2008, counsel for General Motors and counsel for Fiat discussed the applicability of the dispute resolution provisions. Although Fiat has since then engaged in informal discussions with General Motors regarding a possible settlement of the Common Investment dispute, Fiat has consistently taken the position that the Common Investment Dispute is not subject to the dispute resolution provisions of Section 9.11.

6.      By letters dated April 30, 2008 and May 5, 2008, General Motors and Fiat agreed to extend their informal discussions to May 10, 2008. That date has passed without a resolution of the Common Investment Dispute. In accordance with the dispute resolution provisions of Section 9.11, General Motors has sent Fiat a Request for Binding Dispute Resolution.

7.      Since General Motors has called for Binding Dispute Resolution pursuant to Section 9.11, and since Fiat disputes that the provisions of Section 9.11 apply to the Common Investment Dispute, there exists a controversy of sufficient immediacy to warrant a declaratory judgment. General Motors accordingly seeks a declaratory judgment and injunctive relief requiring Fiat to comply with the dispute resolution provision of Section 9.11 of the Master Separation Agreement, which incorporates Article 16 of the Termination Agreement, as to the Common Investment Dispute.

## PARTIES

8.      Plaintiff General Motors Corporation is a corporation organized under the laws of Delaware with its principal place of business in Michigan.

9.      Plaintiff Adam Opel GmbH is a corporation organized under the laws of Germany.

10.      Defendant Fiat S.p.A. is a corporation organized under the laws of the Republic of Italy.

11.      Defendant Fiat Auto Holding B.V. is a corporation organized under the laws of the Netherlands.

12.      Defendant Fiat Auto S.p.A. is a corporation organized under the laws of the Republic of Italy.

## JURISDICTION AND VENUE

13.      General Motors seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. This Court accordingly has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202. This Court also has jurisdiction over this action under 28 U.S.C. §§ 1332 because there is complete diversity of the parties and the matter in controversy exceeds the sum or value of $75,000 exclusive interest and costs.

14.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(d).

15.      General Motors and Fiat have expressly agreed that either party may apply to the United States District Court for the Southern District of New York for preliminary or injunctive remedies to enforce the dispute resolution provisions of Article 16 of the Termination Agreement. (Master Separation Agreement § 9.11; Termination Agreement § 16.5.)  In Section 20.9 of the Termination Agreement, which remains in effect pursuant to Section 9.4 of the

Master Separation Agreement, each party further agreed that this Court would have exclusive jurisdiction in such a proceeding.

## NATURE OF THE DISPUTE

### The Parties' Joint Ventures

16.    Pursuant to a Master Agreement between General Motors Corporation and Fiat S.p.A. dated as of March 13, 2000 (the "2000 Agreement"), General Motors and Fiat agreed to enter into a series of separate cooperative agreements that combined various aspects of their operations in Europe and South America, and that created the Powertrain Joint Venture, the Purchasing Joint Venture, and the Brazil Joint Venture (collectively, the "Joint Ventures").

17.    In connection with the Joint Ventures, General Motors and Fiat, either directly or through their subsidiaries, entered into Project Agreements to implement the Joint Ventures.

### The Parties' Agreement to Liquidate the Joint Ventures and Terminate the 2000 Agreement

18.    Disagreements arose between General Motors and Fiat, including disagreements as to the parties' rights and obligations under the 2000 Agreement.

19.    Following these disagreements, General Motors and Fiat entered into the Agreement to Liquidate Joint Ventures and Terminate Master Agreement, dated as of February 13, 2005 (the Termination Agreement). Pursuant to the Termination Agreement, General Motors and Fiat established a Liquidation Committee to oversee liquidation of the Joint Ventures.

### The Parties' Master Separation Agreement and Ancillary Agreements

20.    General Motors and Fiat reached further understandings and agreements regarding liquidation of the Joint Ventures, which are documented in the Joint Ventures Separation Master Agreement, dated as of May 13, 2005 (the Master Separation Agreement).

21.    In conjunction with the Master Separation Agreement, the parties entered into a series of "Ancillary Agreements," which the Master Separation Agreement defined to include, among other agreements, a European Powertrain Cross Supply Agreement (the "Cross Supply Agreement").

**Dispute Resolution Provisions of The**
**Termination and Master Separation Agreements**

22.    Section 9.11 of the Master Separation Agreement provides that "[t]he dispute resolution process is as provided in Article 16 of the Termination Agreement which is incorporated herein by reference."

23.    Upon the issuance of a written Request for Informal Dispute Resolution, Article 16 of the Termination Agreement requires senior executives (or other designees) of General Motors and Fiat to meet within 15 days in an attempt to resolve a dispute. If a dispute is not resolved within 15 days, any party may initiate the Binding Dispute Resolution Procedures described in Article 16. Article 16 of the Termination Agreement provides in full as follows:

**16.    Dispute Resolution Procedures**

    **16.1    Informal Dispute Resolution.** The Parties shall attempt to resolve amicably and informally any dispute, controversy or claim among the Parties arising out of or relating to this Agreement, including (without limitation) any disputes arising among the members of the Liquidation Committee during the preparation or implementation of the Liquidation Plan (a "Dispute"). A Party, or a member of the Liquidation Committee, may initiate informal negotiations to resolve a Dispute by giving the Parties to this Agreement a written Request for Informal Dispute Resolution. If a Request for Informal Dispute Resolution is issued, GM's Chief Financial Officer or such other person as GM may designate shall meet in person or telephonically with the Chief Executive Officer of Fiat or such other person as Fiat may designate within fifteen days in a neutral setting to attempt in good faith to resolve such Dispute. If such Persons have not resolved the Dispute within fifteen days following delivery of the Request for Informal Dispute Resolution, any Party may initiate the Binding Dispute Resolution procedures described in Section 16.2 by delivering a written Request for Binding Dispute Resolution to the Parties to this Agreement.

16.2    Binding Dispute Resolution Process. If a Request for Binding Dispute Resolution is delivered, the Parties shall jointly select a mediator (the "Mediator") to facilitate a resolution to the Dispute. The Mediator shall give the Parties a reasonable opportunity to make written or oral presentations to the Mediator regarding the Dispute and suggested ways of resolving the Dispute. Subject to the Mediator agreeing to commercially reasonable confidentiality obligations, the Parties agree that the Mediator shall be given access to such personnel, records, books and information as the Mediator may reasonably request. At the written request of any Party or at the request of the Mediator, the Parties shall also select a Qualified Expert to advise the Mediator on issues relating to the Powertrain Business or automotive business. If the Parties fail to agree on a Qualified Expert within fifteen days of the written request for the appointment of a Qualified Expert, Fiat and GM shall each submit a list of the names and qualifications of up to three persons it believes are suitable to serve as the Qualified Expert, and the Mediator shall promptly select from among the suggested individuals one such Person to serve as Qualified Expert. The Mediator, in consultation with the Qualified Expert (if one is appointed) shall endeavor for a period of fifteen days to mediate a resolution of the Dispute that is satisfactory to each of GM and Fiat. If the Dispute is not resolved by the end of such period, the Mediator shall decide upon the resolution of the Dispute consistent with the Dispute Resolution Principles set forth in Section 16.4. The decision of the Mediator is final and binding upon the Parties, the JV Shareholders and the Joint Ventures and enforceable in accordance with Sections 16.5 and 20.9.

16.3    Mediation and Qualified Expert Costs  Fiat and GM shall each pay one-half of the fees and expenses paid or reimbursed to the Mediator and to any Qualified Expert.

16.4    Dispute Resolution Principles. In resolving a Dispute, the Mediator shall follow the following Dispute Resolution Principles:

Dispute Resolution Principle #1:  Disputes should be resolved in a manner that will (a) implement all express terms of this Agreement and (b) except to the extent inconsistent with express terms of this Agreement, allow each of Fiat and GM to continue doing the same business they were doing as of the Effective Date.

Dispute Resolution Principle #2:  Unless it would violate Principle #1, Disputes should be resolved in a manner that will give each of Fiat and GM an outcome comparable to that which would have occurred had the Joint Ventures been liquidated under the "Deadlock" provisions of the Joint Venture Agreements.

16.5    Interim Injunctive Relief. The foregoing provisions of Section 16 do not preclude the disputing Parties from applying to the United States District Court for the Southern District of New York for preliminary or injunctive remedies to enforce this Section 16, to preserve the status quo during the pendency of the Dispute resolution proceedings under this Section 16 or to enforce the decision of the Mediator.

24.    Section 9.10 of the Master Separation Agreement provides that the "interpretation and implementation of this Agreement shall be governed by and construed in accordance with the Laws of New York, excluding any conflict of law provisions which would require application of another law."

25.    In Section 20.9 of the Termination Agreement, which remains in effect pursuant to Section 9.4 of the Master Separation Agreement, the parties agreed that, subject to the dispute

resolution provisions of Article 16, each party irrevocably submits to the exclusive jurisdiction of

the United District Court for the Southern District of New York, located in New York City:

>    20.9    Consent to Jurisdiction. (a) All Disputes, controversies or claims arising out of
>    or in connection with this Agreement are to be resolved pursuant to Section 16. Subject to the
>    foregoing, each of Fiat and General Motors hereby irrevocably submits to the exclusive
>    jurisdiction of the United States District Court for the Southern District of New York, located in
>    New York City, for the purpose of any action or proceeding arising out of or relating to this
>    Agreement, and each of Fiat and General Motors hereby irrevocably agrees that all claims in
>    respect to such action or proceeding may be heard and determined in such federal court. Each of
>    Fiat and General Motors agrees that any final judgment in any action or proceeding shall be
>    conclusive and may be enforced in other jurisdictions by suit on the judgment or in any manner
>    provided by law.
>
>        (b) Each of Fiat and General Motors irrevocably consents to the service of the summons
>    and complaint and any other process in any action or proceeding relating to this Agreement, on
>    behalf of itself or its property, by Personal delivery of copies of such process to such Party.
>    Nothing in this section shall affect the right of any Party to serve legal process in any other
>    manner permitted by law.

### The Common Investment Dispute

26.    General Motors and Fiat are involved in a dispute relating to Fiat's decision to

cease purchasing certain products from General Motors, and Fiat's corresponding obligation to

pay common investment expenses as a result of Fiat's early termination of purchases (the

Common Investment Dispute).

27.    Under the express terms of a Schedule to the Master Separation Agreement, Fiat

is obligated to pay the remaining net book value of common investments that has not been

recovered.

28.    General Motors has sent an invoice for payment of such common investment

expenses; Fiat has refused to pay.

29.    The Common Investment Dispute arises out of and relates to the Master

Separation Agreement. Therefore, upon GM's request, Fiat is and was required by Section 9.11

of the Master Separation Agreement to engage in the dispute resolution provisions of Article 16

of the Termination Agreement.

### Fiat's Refusal to Follow the Dispute Resolution
### Provisions Of The Master Separation Agreement

30.    As discussed in paragraphs 5-7 above, Fiat has taken the position that the dispute

resolution provisions of the Master Separation Agreement do not apply to the Common

Investment Dispute.

### DECLARATION SOUGHT

31.    Plaintiff General Motors seeks a judgment pursuant to 28 U.S.C. § 2201 of the

respective rights and duties of the parties and, in particular, that the Common Investment Dispute

falls within the ambit of the dispute resolution provisions set forth in Section 9.11 of the Joint

Ventures Separation Master Agreement, which incorporates by reference the dispute resolution

provisions of Article 16 of the Termination Agreement.

### PROPRIETY OF DECLARATION

32.    A genuine case or controversy exists sufficient for this Court to declare the rights

of the parties in that Fiat and General Motors dispute whether the dispute resolution provisions

of Section 9.11 of the Master Separation Agreement and Article 16 of the Termination

Agreement apply to the Common Investment Dispute.

33.    Plaintiff General Motors has standing to request this declaration in that General

Motors is a party to both the Termination Agreement and the Master Separation Agreement, and

seeks to resolve the Common Investment Dispute in accordance with Section 9.11 of the Master

Separation Agreement and Article 16 of the Agreement to Liquidate Joint Ventures and

Terminate Master Agreement.

34.    This controversy is ripe for determination because Fiat disputes that the Common

Investment Dispute is to be resolved in accordance with the dispute resolution provisions of

Section 9.11 of the Master Separation Agreement and Article 16 of the Termination Agreement.

## PRAYER FOR RELIEF

WHEREOF, Plaintiff General Motors demands judgment against Defendants consisting of:

A.      A declaration that the Common Investment Dispute must be resolved by Fiat and General Motors in accordance with Section 9.11 of the Joint Ventures Separation Master Agreement between the parties dated as of May 13, 2005, incorporating by reference the dispute resolution provisions of Article 16 of the Agreement to Liquidate Joint Ventures and Terminate Master Agreement dated as of February 13, 2005.

B.      An injunction requiring Fiat to comply with the dispute resolution provisions of Section 9.11 of the Joint Ventures Separation Master Agreement, which incorporates by reference the dispute resolution provisions of Article 16 of the Agreement to Liquidate Joint Ventures and Terminate Master Agreement.

C.      Directing that General Motors recover its costs of suit.

D.      Providing such other relief as this Court deems just and proper.

Dated: May 3*2*, 2008

Respectfully submitted,

FOLGER LEVIN & KAHN LLP
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
(415) 986-2800

By: _____
    Roger B. Mead (RM2676)

Attorneys for Plaintiffs
GENERAL MOTORS CORPORATION and
ADAM OPEL GmbH

38006\2006\601362.2