UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL MOTORS CORPORATION AND ADAM OPEL GMBH,<br><br>Plaintiffs,<br><br>-against-<br><br>FIAT S.p.A.; FIAT AUTO HOLDING B.V.; and FIAT AUTO S.p.A.,<br><br>Defendants. | INDEX NO. 08 CV 4999 (DAB)<br><br>DECLARATION OF MICHAEL P. MILLIKIN |

MICHAEL P. MILLIKIN states under oath:

1. I am Associate General Counsel of General Motors Corporation. I submit this declaration in support of General Motors Corporation and Adam Opel GmbH's (collectively "General Motors") opposition to the motion to stay or dismiss this action filed by Fiat S.p.A., Fiat Auto Holding B.V., and Fiat Auto S.p.A. (collectively "Fiat") and in support of General Motors' cross-motion for summary judgment. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2. Pursuant to a Master Agreement between General Motors Corporation and Fiat S.p.A. dated March 13, 2000 (the "2000 Agreement"), General Motors and Fiat agreed to enter into a series of agreements that combined various aspects of their operations and created the Powertrain Joint Venture, the Purchasing Joint Venture, and the Brazil Joint Venture (collectively, the "Joint Ventures").

3. Disagreements arose between General Motors and Fiat, including disagreements as to the parties' rights and obligations under the 2000 Agreement.

4. Following these disagreements, General Motors and Fiat entered into the Agreement to Liquidate Joint Ventures and Terminate Master Agreement, dated February 13, 2005 (the "Termination Agreement").

5. Pursuant to the Termination Agreement, General Motors and Fiat established a Liquidation Committee to oversee liquidation of the Joint Ventures. The Liquidation Committee was directed to prepare a Liquidation Plan within 90 days of the execution of the Termination Agreement.

6. Pursuant to their agreement to develop a Liquidation Plan, General Motors and Fiat reached further understandings and agreements regarding liquidation of the Joint Ventures, which are documented in the Joint Ventures Separation Master Agreement, dated May 13, 2005 (the "Master Separation Agreement").

7. In conjunction with the Master Separation Agreement, the parties entered into a series of "Ancillary Agreements" to implement provisions of the Termination Agreement, which the Master Separation Agreement defined to include, among other agreements, a European Powertrain Cross Supply Agreement (the "Cross Supply Agreement"), also dated May 13, 2005.

8. General Motors and Fiat included in the Termination Agreement a jointly developed dispute resolution procedure, which was incorporated by reference into the Master Separation Agreement. In 2005, Fiat invoked this procedure to resolve a different dispute between the parties. Pursuant to this procedure, a mediator was appointed at the beginning of October, 2005. He issued his ruling three months later, on December 31, 2005.

9. On December 22, 2006, Fiat sent a letter providing General Motors notice that it planned to stop purchasing Family 1 engines, effective December 31, 2007.

10. As the termination date approached, a dispute arose between the parties regarding Fiat's obligation to pay common investment expenses associated with the Family 1 engines (the "Common Investment Dispute").

11. For several months, the parties' business representatives tried to resolve the Common Investment Dispute.

12. On January 31, 2008, General Motors sent Fiat an invoice for payment of specific and common investment expenses as well as certain start-up expenses. Although Fiat paid the specific and start-up expenses, Fiat refused to pay the common investment expenses.

13. On April 18, 2008, General Motors sent Fiat a written Request for Informal Dispute Resolution regarding the Common Investment Dispute pursuant to Section 9.11 of the Master Separation Agreement and Article 16 of the Termination Agreement. A true and correct copy of that request is attached hereto as Exhibit 1.

14. On April 24, 2008, Fiat sent a letter responding to General Motors' written Request for Informal Dispute Resolution. A true and correct copy of that letter is attached hereto as Exhibit 2.

15. On April 29, 2008, counsel for General Motors and counsel for Fiat discussed the applicability of the dispute resolution provisions. By letters dated April 30, 2008 and May 5, 2008, General Motors and Fiat agreed to extend their informal discussions to May 10, 2008. That date has passed without a resolution of the Common Investment Dispute.

16. In accordance with the dispute resolution provisions of Section 9.11 of the Master Separation Agreement, General Motors sent Fiat a Request for Binding Dispute Resolution on May 30, 2008. A true and correct copy of that request is attached hereto as Exhibit 3.

17.    Although Fiat has engaged in informal discussions with General Motors regarding a possible settlement of the Common Investment Dispute, Fiat has taken the position that the Common Investment Dispute is not subject to the dispute resolution provisions of Section 9.11. Fiat has declined to jointly select a mediator to facilitate a binding resolution to the dispute under the dispute resolution procedures set forth in Section 9.11 of the Master Separation Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 22, 2008

_____
Michael P. Millikin

38006\2006\614772.3

# EXHIBIT 1

**GM**

Frederick (Fritz) A. Henderson

Fax: 011-39-011-00-63330

April 18, 2008

To: Dott. Sergio Marchionne
    Fiat S.p.A.

Dear Sergio:

<u>Re: Attached</u>

Wanted to speak with you this week regarding the attached; but, unfortunately, we were not able to find the time.

Will call you on Monday to discuss.

Best regards,

*Fitz*

**Attachment**
bcc:  M. Arcamone
      G. E. Fitz
      L. Maestri
      M. P. Millikin
      R. Ventura
      R. G. Young



Frederick (Fritz) A. Henderson
President and
Chief Operating Officer

<u>Via Fax and Federal Express</u>

April 16, 2008

Dott. Sergio Marchionne
Chief Executive Officer and
  Chief Financial Officer
Fiat S.p.A.
Via Nizza 250
I – 10126 Torino, Italy

Dear Sergio:

<u>Re: Request for Informal Dispute Resolution</u>

We are writing with regard to a dispute that has arisen under the terms of the Joint Ventures Separation Master Agreement dated May 13, 2005 (the "Master Agreement") and certain agreements ancillary to the Master Agreement. The relevant parties to such agreements include General Motors Corporation, Adam Opel GMBH (collectively "GM" or "General Motors"), Fiat S.p.A., Fiat Auto Holding B/V. and Fiat Auto S.p.A. (collectively "Fiat").

As you know, Fiat has exercised its rights to cease its purchases of certain products (Fam-1, L850 and F17 Engines) under the European Powertrain Cross Supply Agreement dated May 13, 2005 (the "Cross Supply Agreement"), one of the Agreements executed by GM and Fiat in conjunction with the Master Agreement. A dispute has arisen between the parties relating to Fiat's payment obligations resulting from this early termination of purchases, and in particular Fiat's obligation to pay common investment expenses, as provided in the Master Agreement.

Despite the parties' efforts over the past several months, we have been unable to resolve this dispute. Section 9.11 of the Master Agreement provides that disputes will be resolved in accordance with Article 16 of the Agreement to Liquidate Joint Ventures and Terminate Master Agreement dated February 13, 2005 (the "Termination Agreement"), which Article is incorporated into the Master Agreement by reference.

General Motors Corporation   Mail Code 482-C39-830   300 GM Renaissance Center   Detroit, MI 48265-3000
                             Tel 313-667-7018         Fax 313-667-3122            frederick.henderson@gm.com

Dott. Sergio Marchionne
April 16, 2008
Page Two

Accordingly, we hereby provide you with this Request for Informal Dispute Resolution, as provided in Section 16.1 of the Termination Agreement. Pursuant to Section 16, General Motors' Chief Financial Officer, or such other person as General Motors may designate, shall meet in person or telephonically with the Chief Executive Officer of Fiat, or such other person as Fiat may designate, within fifteen days following delivery of this Request for Informal Dispute Resolution in a neutral setting to attempt in good faith to resolve the dispute.

I am General Motors' designated representative on this matter. I am available to meet as soon as possible telephonically or in person with Fiat's representative to attempt in good faith to resolve this dispute as provided for by Section 9.11 of the Master Agreement and 16.1 of the Termination Agreement.

Sergio, please contact me to indicate your preferences as to the manner, location and timing for such meeting.

Very truly yours,

Frederick A. Henderson

bcc:  M. Arcamone
      G. E. Fitz
      L. Maestri
      M. P. Millikin
      R. Ventura
      R. G. Young

EXHIBIT 2

24.APR.2008 11:21                    BOSCO                    #1100 P.001 /002



Engines and Transmissions    

Alfredo Altavilla
CEO

**RECEIVED**
APR 2 4 2008

Mr. Frederick A. Henderson
President and Chief Operating Officer
General Motors Corp.
300 GM Renaissance Center
Detroit, MI

F.A. HENDERSON

Fax n.: 001 313 667 3122

Orbassano, April 24, 2008

Dear Fritz,

**Re: Request for Informal Dispute Resolution**

Reference is made to the letter dated April 16 (the "Letter") having the same subject matter attached to your fax of April 18 and to the phone conversation you had on the same day with Sergio Marchionne.

Sergio has appointed me as designated representative to follow the matter for Fiat and I have understood in a phone call of yesterday afternoon with Mike Arcamone that he has been appointed from your side (please kindly confirm this in writing for the sake of good order).

In this letter I will use capitalized terms that, unless otherwise defined, make reference to terms defined in the Letter.
I understand that you are referring to the dispute regarding the Fiat's obligations to pay certain compensations following the early termination of purchases of products under the Cross Supply Agreement.
You are specifically referring to the obligation to pay common investments expenses, allegedly provided in the Master Agreement.

As you know, the Cross Supply Agreement (and Schedules and Exhibits thereto) constitutes the entire agreement among the parties concerning the exchange of products and no reference is made to the provisions of the Master Agreement.
Beside the possible effect on the rules applicable to the payment obligations of the discontinuing party (in our opinion clearly stated under Section 14.2 of the Cross Supply Agreement), this may determine that a different set of rules are applicable to the mechanism for dispute resolution namely in the event of a failure to reach an agreement between the designated representatives.

Fiat Powertrain Technologies S.p.A.          Capitale sociale Euro 397.500.000    Società a socio unico
Sede Legale: Corso Settembrini 167, 10135    Reg. Impr. Torino 07979870016       Direzione e coordinamento
Torino, Italia                                Cod. Fisc. e P. IVA n. 07979870016  Ex art. 2497 c.c. Fiat S.p.A
Tel. +39 011 00301111                         REA Torino 925302
Direzione Generale: Strada Torino 50, 10043
Orbassano, Italia
Tel. +39 011 6080658
Direzione Acquisti: Via Puglia 59, 10156 Torino,
Italia

24.APR.2008 11:21                BOSCO                    #1100 P.002 /002

Engines and Transmissions 

While I am ready to agree with Mike a meeting in the next days, I would however suggest a prior meeting of the respective in-house counsels (it will be Carlo Bondone from our side) to clarify this preliminary issue.
I would then suggest that we consider the day when a common position on the whole procedure is reached as starting date for the process of Informal Dispute Resolution (as described, in our opinion, in Section 29 of the Cross Supply Agreement).

I am waiting for your (or Mike) further communications and suggestions.

*With my best personal regards*

cc: Mike Arcamone – CEO GMPTE - Torino

# EXHIBIT 3



|  |  |
|---|---|
| *GM Powertrain Europe* | *General Motors Powertrain- Europe S.r.l.*<br>*Strada Pianezza 289*<br>*10151 Torino*<br>*Italia*<br><br>*Tel: +39 011 424 8010*<br>*Fax: +39 011 424 8020* |

May 30, 2008

*Via Fax (+39 011 9080654) and*
*Federal Express*

Alfredo Altavilla
Fiat Powertrain Technologies, S.p.A.
Strada Torino, 50
10043 Orbassano (TO)

Re:   <u>Request for Binding Dispute Resolution</u>

Dear Alfredo:

As you know, on April 18, 2008, Fritz Henderson sent to Sergio Marchionne a Request for Informal Dispute Resolution relating to the dispute that has arisen between the parties over Fiat's payment obligations resulting from its early termination of certain products. You have been designated as Fiat's representative with regard to this dispute; I have been designated as the representative of General Motors.

By our letters dated April 30, 2008 and May 5, 2008, you and I agreed to extend the term of the Informal Dispute Resolution period to May 10, 2008. General Motors subsequently provided Fiat with additional time so that Fiat could provide General Motors with its proposal for an alternate procedure for resolving our dispute. As Mike Millikin has notified Carlo Bondone and Giorgio Fossati, General Motors has reviewed this proposed procedure and has concluded that it does not form an acceptable alternate basis for resolving our differences.

Therefore, in accordance with Section 9.11 of the Joint Ventures Separation Master Agreement and Article 16 of the Agreement to Liquidate Joint Ventures and Terminate Master Agreement, General Motors is providing Fiat with this Request for Binding Dispute Resolution. In accordance with the terms of Article 16, Fiat and General Motors are obligated to proceed with the joint selection of a Mediator to facilitate a resolution of our dispute. In the meantime, I remain happy to continue discussions with you regarding a possible settlement of this dispute.

Alfredo Altavilla
May 30, 2008
Page 2


Please contact me to discuss the process of appointing a mediator and the commencement of the Binding Dispute Resolution process.

Very truly yours,

*Mike Arcamone*

Mike Arcamone

c:  Sergio Marchionne
    Frederick A. Henderson